IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**STEVEN MARTINEZ,**
        **Petitioner,**

v.                                   Civil Action No.: 3:19-CV-59
                                            (GROH)

**JOE COAKLY, Warden USP Hazelton,**
**WILLIAM BARR, Attorney General,**
        **Respondents.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 22, 2019, Petitioner, an inmate at Hazelton USP, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Following the issuance of a Notice of Deficient Pleading, on May 28, 2019, Petitioner filed his action on the Court-approved form. ECF No. 11. On August 8, 2019, Petitioner filed a motion for an emergency hearing on this petition. ECF No. 15.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:19-CV-59 unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

Petitioner was convicted by a jury in the Southern District of New York on February 8, 1996, of all four counts of the superseding indictment returned in case number 1:95-CR-284, which charged Petitioner in Counts 1, 2, 3 and 4, with one count of conspiracy to commit murder, murder of a postal worker, conspiracy to rob a postal truck, and robbery of a postal truck. ECF No. 222 at 4. On November 8, 1996, Petitioner was sentenced to the custody of the Bureau of Prisons for life. ECF No. 129.

### B. Direct Appeal

Petitioner filed a notice of appeal to the Second Circuit Court of Appeals on November 14, 1996. ECF No. 138. On May 8, 1997, a Mandate from the U.S. Court of Appeals confirmed that the appeal was withdrawn without prejudice. ECF No. 153.

### C. Prior Petition for Relief Under § 2255

Petitioner filed a motion[3] to vacate his sentence under § 2255 on February 15, 2001, which motion was denied on March 14, 2001. ECF No. 192.

### D. Other Attempt for Relief

Petitioner filed a notice of intent to appeal on May 14, 2001. ECF No. 197. On December 14, 2001, the Second Circuit Court of Appeals denied Petitioner's motions for a certificate of appealability and for leave to proceed in forma pauperis. ECF No. 205.

---

[2] Throughout sections II.A. through II.D. all ECF numbers refer to entries in the docket of Civil Action No. 1:95-CR-284 from the Southern District of New York, available on PACER unless otherwise noted. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The motion was docketed as document number 1 in case number 01-CV-1172 in the Southern District of New York.

Petitioner filed another notice of appeal on October 17, 2002.  ECF No. 212.  On February 11, 2003, the Second Circuit dismissed the appeal for failure to prosecute.  ECF No. 214.

The Second Circuit Court of Appeals again denied Petitioner a certificate of appealability on November 20, 2008, and dismissed the appeal brought in that Court's docket number 08-3736.  ECF No. 218.

On January 15, 2013, the Court of Appeals for the Second Circuit, in case number 12-4955, issued its mandate which denied Petitioner's request authorizing a second or successive 28 U.S.C. § 2255 motion. U.S.C.A. 2nd Cir., Docket number 12-4955, ECF No. 23.

Petitioner filed a petition for a writ of habeas corpus under § 2241 on July 25, 2013, in the Middle District of Florida, where he asserted the same unsuccessful claim presented to the Second Circuit as a basis for his request for leave to file a successive petition under § 2255.  M.D.Fl. 5:13-CV-356, ECF Nos. 1, 16.  Pursuant to an order filed on October 28, 2014, the Middle District of Florida dismissed Petitioner's § 2241 petition because he failed to provide additional evidence that was not already presented to the Second Circuit Court of Appeals when it ruled against Petitioner on his § 2255 petition. M.D.Fl. 5:13-CV-356, ECF No. 16.  Petition appealed that decision to both the Eleventh Circuit and the United States Supreme Court, both of which denied him the requested relief, respectively on July 14, 2015 and November 30, 2015.  M.D.Fl. 5:13-CV-356, ECF Nos. 24, 26.

Petitioner filed a petitioner pursuant to § 2241 in the Northern District of West Virginia on April 14, 2016.  N.D.W.V. 2:16-CV-27, ECF No. 1.  A report and

recommendation was filed on June 9, 2016, which summarized the facts and procedural history, and recommended the matter be dismissed. N.D.W.V. 2:16-CV-27, ECF No. 6. The district court adopted the report and recommendation on February 2, 2017. N.D.W.V. 2:16-CV-27, ECF No. 12.

On April 25, 2017, the Second Circuit denied Petitioner's motion to be permitted to file a second or successive § 2255 motion because the Petitioner had "not made a prima facie showing that the requirements of § 2255(h) are satisfied." U.S.C.A 2nd Cit., Docket number 17-865, ECF No. 21.

In the sentencing court on June 19, 2017, Petitioner filed a pleading which was styled "Dissolve Cesta Que Trust". ECF No. 222. On that same date, the district court filed a memorandum endorsement which found that the "purported legal paper is essentially nonsense." Id. at 4. The district court denied the motion in all but one respect, in that it construed the motion as a second or successive section 2255 motion, which was transferred to the court of appeals for consideration. Id.

On October 24, 2018, the Second Circuit Court of Appeals denied Petitioner's petition for mandamus, finding that although "Petitioner seeks to compel the district court to rule on a March 21, 2017 motion, [ ] no such motion was docketed in the district court and this Court has already denied [Petitioner's] March 21, 2017 application for leave to file a successive application." U.S.C.A. 2nd Cir., Docket number 18-1592, ECF No. 28.

### E.     Instant Petition for Habeas Corpus Under § 2241

Petitioner filed the instant petition[4] for habeas corpus on April 22, 2019, along with

---

[4] Although Petitioner used the Court-approved form to file his petition, he did not comply with the Local Rules of Prisoner Litigation Procedure in completing that form, directing the Court to "See memorandum of law" in several places. ECF No. 1 at 5, 6, 9. The Court issued a Notice of Deficient Pleading and Intent to Strike Pleading and Dismiss Action on April 23, 2019. ECF No. 5. On May 28, 2019,

4

a memorandum of law in support thereof, challenging the sentence imposed in the Southern District of New York. ECF Nos. 1, 1-1. The amended petition filed May 28, 2019, asserted a single claim, articulated as two separate claims, that the Attorney General and Warden did not have jurisdiction to execute a life sentence against Petitioner because the Government moved to dismiss the underlying indictment. ECF No. 11 at 5. In the memorandum, Petitioner essentially claims that because the government moved at sentencing to dismiss the underlying indictment, his conviction under the superseding indictment is invalid, and that he is factually innocent of the charges against him. ECF No. 11-2 at 4 – 5. Petitioner attached an excerpt of his sentencing transcript in support of his claim. ECF No. 11-5.

On August 8, 2019, Petitioner filed a motion for an emergency hearing, asserting that his detention is illegal, and requesting expedited relief. ECF No. 15.

### III.    LEGAL STANDARD

**A.    Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b)

---

Petitioner refiled his action on the Court-approved form, having more fully completed the form as required by the Local Rules. ECF No. 11.

Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Although Petitioner has repeatedly challenged his conviction and sentence, the arguments raised here, appear to be raised for the first time. Nonetheless, the arguments do not merit relief.

### A. Petitioner's Challenge to His Conviction

In Petitioner's challenge to his conviction, § 2241 relief is unavailable. Even if Petitioner could satisfy the first and third prongs of the Jones test, he cannot meet the requirements of the second prong.

The second prong of the Jones test requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the

9

conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333 – 34.

Petitioner cannot meet the second prong of the Jones test because the federal crimes for which he was convicted— conspiracy to commit murder, murder, conspiracy to commit robbery, and robbery, in violation of 18 U.S.C. §§ 1111, 1114, 1117 and §§ 371, 2114—remain criminal offenses. Accordingly, to the extent Petitioner raises a challenge to the validity of his convictions, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his convictions on the merits.

Nevertheless, Petitioner's argument lacks merit. Petitioner argues that when he was sentenced on the superseding indictment, the dismissal of his underlying or initial indictment voided his conviction. No legal authority supports such a contention. A superseding indictment, by its very definition, replaces the indictment which was previously returned. Dismissal of an initial or underlying indictment does not function as a dismissal of the case in its entirety when a superseding indictment has replaced the underlying indictment.

### B. Petitioner's Challenge to His Sentence

Petitioner claims that the warden and Attorney General are wrongfully detaining him, because the underlying indictment was dismissed. To the extent that Petitioner relies on United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), seeking relief under the savings clause of 28 U.S.C. § 2255(e), his request is without merit. Petitioner's direct appeal rights are now time barred, being raised decades after his conviction. Further, his § 2255 motions was denied, and are multiple attempts to obtain permission to file a second or successive § 2255 motion have been denied. Accordingly, Petitioner has two

options: (1) he may again seek leave to file a successive § 2255 under § 2255(h)(2) or (2) he can file a § 2241 petition which relies on the § 2255(e) savings clause. Because Petitioner's argument does not rely on any newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate, thus he is unable to obtain relief through the first option. In order for Petitioner to challenge his sentence and obtain relief under § 2241, he must proceed under the second option, relying on the § 2255(e) savings clause and satisfy all four prongs of the Wheeler test. However, in this case, even if Petitioner meets one of the prongs of the Wheeler test, Petitioner cannot meet all four prongs.

Petitioner fails to meet the second prong of the Wheeler test, which prong has two clauses. First, the substantive law must change, and second, that change must be deemed to apply retroactively on collateral review. Petitioner fails to allege that the substantive law has changed. Petitioner instead alleges that the sentencing court was without jurisdiction[8] to impose his sentence. Therefore, Petitioner fails to satisfy the first clause of the second prong of the Wheeler test. Moreover, as the substantive law has not changed, any such change cannot have been deemed to apply retroactively on collateral review, and Petitioner has failed to satisfy the second clause of the second prong of the Wheeler test.

Because Petitioner cannot satisfy one prong of the mandatory four-part Wheeler test, it is unnecessary for this Court to consider the other three prongs.

---

[8] Although jurisdiction is always an issue, Petitioner cites to no authority which supports his contention that dismissal of the initial or underlying indictment invalidated a later-returned superseding indictment. Critically, the Government did not move to dismiss the criminal case against Petitioner, only the initial indictment, following Petitioner's conviction on the superseding indictment.

In summary, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, and because he fails to meet the second prong of the Jones test, a challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider such a challenge. Similarly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, because he fails to meet the second prong of the Wheeler test, a challenge to his sentence may not be considered under § 2241, and this Court its without jurisdiction to hear such a challenge. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## IV.  RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF Nos. 1, 11] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**. I further **RECOMMEND** that Petitioner's Motion for Emergency Hearing [ECF No. 15] be **TERMINATED as MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page

limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** September 13, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE