**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**STEVEN MARTINEZ,**

Petitioner,

**v.**                                                                    **CIVIL ACTION NO.: 3:19-CV-59
(GROH)**

**JOE COAKLY, Warden USP - Hazelton
and WILLIAM BARR, Attorney General,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 17. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on September 13, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF Nos. 1, 11] be denied and dismissed without prejudice.

## I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. The Court incorporates those facts herein. However, the Court has briefly outlined the facts below.

On April 22, 2019, the Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. On May 28, 2019, the Petitioner filed an amended petition. ECF No. 11. Therein, the Petitioner challenges his sentence, arguing that the Attorney

General and Warden did not have jurisdiction to execute a life sentence against him because the Government moved to dismiss the underlying indictment. The Petitioner is currently serving a life sentence for a sentence imposed in case number 1:95-CR-284 in the Southern District of New York. He was sentenced to serve a life sentence after a jury returned a verdict of guilty on all four counts of the superseding indictment.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on September 13, 2019. ECF No. 17. The Petitioner accepted service on September 18, 2019. ECF No. 18. The Petitioner filed objections on October 10, 2019. ECF No. 19. Having timely filed his objections, this Court will review the Petitioner's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

## III. DISCUSSION

In his R&R, Magistrate Judge Trumble recommends that the § 2241 petition be denied and dismissed without prejudice because the Court lacks jurisdiction. Magistrate Judge Trumble found, to the extent the Petitioner raises a challenge to the validity of his convictions, he fails to satisfy § 2255(e)'s savings clause because under the second prong of the Jones test the federal crimes for which he was convicted remain criminal offenses. Magistrate Judge Trumble also found the Petitioner fails to satisfy the savings clause to challenge his sentence because he has not met the second prong of the Wheeler test. Specifically, he fails to allege that the substantive law has changed and that a change in the substantive law has been deemed to apply retroactively.

Magistrate Judge Trumbe further found, even if the Petitioner could satisfy the savings clause, there is no legal authority to support the Petitioner's argument. Specifically, "[a] superseding indictment, by its very definition, replaces the indictment which was previously returned. Dismissal of an initial or underlying indictment does not function as a dismissal of the case in its entirety when a superseding indictment has replaced the underlying indictment." ECF No. 17 at 10.

In the Petitioner's objections, he argues he is not required to meet the savings clause to file a petition of habeas corpus pursuant to § 2241. He asserts that he is not challenging his conviction or sentence, he is alleging he has been kidnapped and is being held against his will. The Petitioner is in the custody of the Bureau of Prisons serving a life sentence that was imposed in the Southern District of New York. He has not been "kidnapped" as he alleges. It is clear then, for the Petitioner to challenge his incarceration, he would have to challenge his conviction or sentence. In order to satisfy

the savings clause, the Petitioner would need to meet the <u>Wheeler</u> test to challenge his conviction and the <u>Jones</u> test to challenge his sentence. He has not done so here. Accordingly, the Petitioner's objection is without merit and is hereby **OVERRULED**.

## IV. CONCLUSION

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's R&R [ECF No. 17] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's § 2241 Petition [ECF Nos. 1, 11] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Petitioner's Motion for Emergency Hearing [ECF No. 15] is hereby **TERMINATED** as **MOOT**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 11, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE